**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HELAYNE SEIDMAN,                                                   :
                                                                   :
                Plaintiff,          :          18-cv-7822 (ALC)
                                                                   :
        -against-                                :          **ANSWER AND DEMAND FOR A**
                                                                   :          **JURY TRIAL**
OATH INC.,                                                         :
                                                                   :
            Defendant.                     :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendant Oath Inc., by and through its counsel, hereby answers the Complaint

("Complaint") of Plaintiff Helayne Seidman dated August 27, 2018 as follows:

<u>**ANSWER**</u>

      1.     To the extent Paragraph 1 is intended to summarize the allegations set forth in the

Complaint, the allegations are improper and require no response. In addition, this paragraph

contains legal conclusions to which no response is required. To the extent a response is required,

Oath denies the alleged unauthorized reproduction and public display of a purportedly

copyrighted photo of Ciro Ortiz (the "Photo"). Oath is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including

regarding the ownership and registration of the Photo as well as Plaintiff's profession, and

therefore denies the same.

      2.     Paragraph 2 contains legal conclusions to which no response is required. To the

extent a response is required, Oath admits that this court has subject matter jurisdiction over

Plaintiff's claims.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Oath does not contest personal jurisdiction.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Oath admits that venue is proper in this district.

5.      Oath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.      Oath admits that it is a corporation duly organized and existing under the laws of Delaware and that it maintains a place of business at 770 Broadway, New York, NY 10003. Oath also admits that it currently owns and operates the website at the URL: www.huffingtonpost.com (the "Website"). Oath denies the remaining allegations of Paragraph 6.

7.      Oath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same, except that Oath states that the Photo attached as Exhibit A speaks for itself, and Oath refers the Court to the Photo for its content.

8.      Oath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same, except that Oath states that the article attached as Exhibit B speaks for itself, and Oath refers the Court to the Article for its content.

9.      Oath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10.     Oath is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11.     Oath admits that an article (the "Article") appeared on the Website on December

24, 2016 and that the Photo pictured in Exhibit A to the Complaint was initially visible in connection with the Article. Oath denies that the screenshot attached to the Complaint as Exhibit D is a full representation of the Article as it appeared on the Website and refers the Court to the Article, which speaks for itself. Oath denies the remaining allegations of Paragraph 11.

12.     Oath denies the allegations in Paragraph 12.

13.     Responding to Paragraph 13, Oath restates, realleges, and incorporates by reference its responses to all foregoing paragraphs of the Complaint as if fully set forth herein.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 18.

19.     Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Oath denies the allegations of Paragraph 19.

## PRAYER FOR RELIEF

Oath denies any allegations in Plaintiff's Prayer for Relief and specifically denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

3

Oath asserts the following affirmative defenses; by asserting the following defenses, Oath does not concede or admit that it has the burden of proof or persuasion on any such defense. Oath specifically reserves and does not waive any and all additional, separate, or other affirmative defenses that it may have, or which may be revealed by further investigation in this matter.

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred in whole or in part by the statutory immunity granted to service providers under the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512.

3.      Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

4.      Plaintiff's claims are barred in whole or in part by consent, acquiescence, or license.

5.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

6.      Plaintiff's claims are barred by the doctrine of laches.

7.      Plaintiff's claims are barred by estoppel.

8.      Plaintiff's claims are barred by waiver.

9.      Plaintiff's alleged copyright is invalid and/or unenforceable.

10.      Plaintiff's claims are barred to the extent that Oath's actions and speech are protected by the First Amendment of the U.S. Constitution.

11.      Plaintiff's claims are barred in whole or in part because Oath's conduct was in good faith and with non-willful intent at all times.

12.    Plaintiff's claims are barred in whole or in part by his failure to join indispensable parties.

13.    Plaintiff's claims are barred because he has sustained no injury in fact or damages caused by an act or omission of Oath.

14.    Plaintiff's claims for statutory damages are barred in whole or in part because Oath did not act with the requisite degree of intent or fault.

15.    Plaintiff's claims are barred by the doctrine of unclean hands.

16.    Plaintiff's claims are barred because the damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

17.    Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Oath.

18.    Plaintiff's claims are barred by the doctrine of copyright misuse.

<u>DEMAND FOR A JURY TRIAL</u>

Defendant hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**Wherefore**, Defendant Oath Inc. respectfully requests that the Complaint be dismissed in its entirety with prejudice, Oath be awarded its costs and attorneys' fees in this action, and the Court order such other relief as the Court deem just and proper.

New York, New York
Dated:  November 26, 2018                    By:    /s/ *Thomas Patrick Lane*
                                                                  Thomas Patrick Lane
                                                                  Andrew T. Foglia
                                                                  WINSTON & STRAWN LLP
                                                                  200 Park Avenue

New York, NY 10166
Tel.: (212) 294-6700
Fax: (212) 294-4700
tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1400
jgolinveaux@winston.com

*Attorneys for Defendant Oath Inc.*